# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Joseph B. Caldwell (K-63686), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 50015 |
| v. ) | |
| ) | Judge Frederick J. Kapala |
| Sheriff David Snyders, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $32.12 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court is directed to send a copy of this order to the Supervisor of the Inmate Trust Fund Accounts at Vandalia Correctional Center. Although the complaint states claims against Stephenson County Sheriff Snyders and a jail corporal named Nick, summonses will not issue at this time. The Court grants Plaintiff's motion for attorney representation [4]. The Court enlists David T. Erie, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654, (312) 862-2000, email: derie@kirkland.com, to represent Plaintiff in accordance with counsel's trial bar obligations under N.D. Ill. Local Rules 83.11(g) and 83.37. Within 21 days of the date of this order, counsel should enter an appearance for Plaintiff. By April 11, 2016, after counsel has had an opportunity to confer with Plaintiff and conduct a preliminary investigation of his claims, counsel should inform the Court whether he intends to proceed with the current complaint or submit an amended complaint, if he is able to do so pursuant to Fed. R. Civ. P. 11.

## STATEMENT

Plaintiff Joseph Caldwell, an inmate confined at Vandalia Correctional Center proceeding *pro se*, brings this suit concerning events that occurred while he was incarcerated at the Stephenson County Jail from December 12, 2013 to April 29, 2014. Plaintiff states his right leg is amputated below the knee and he has a prosthetic leg. Allegedly, upon entering the jail, a corporal named Nick placed Plaintiff in a segregation cell for no reason other than his prosthetic leg. After Plaintiff complained that he was not allowed to shower or use the telephone and that his American with Disabilities Act ("ADA") rights were being violated, Nick placed Plaintiff in "A" block, a "wheelchair accessible dorm that holds 50 prisoners." Compl. at 6. Plaintiff, however, was not provided a wheelchair and his prosthetic leg was taken away, even though he explained he could not stand or walk without it. According to Plaintiff, he was given his prosthetic leg for trips to court, but at all other times during his four and one-half month confinement at the Stephenson County Jail he "had to crawl from [his] bed to the cell block door

3xs per day to get [his] food, plus crawl to the washroom, shower, etc." Compl. at 6.  He also had to crawl across dirty shower floors to use the washroom or shower. *Id.*

Currently before the Court are Plaintiff's application to proceed *in forma pauperis*, his complaint for initial review under 28 U.S.C. § 1915A, and his motion for attorney representation.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted.  Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $32.12 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full.  The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full.  All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claim therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner complaints in the same manner they review ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss.  *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).  A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.  *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted).  Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013).  Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Assuming Plaintiff's allegations are true, he states colorable claims, at least against Sheriff Snyders and Corporal Nick.  Jail officials' refusal to accommodate a disabled inmate's needs may give rise to constitutional violations, as well as violations under the Americans with

Disabilities Act ("ADA") and the Rehabilitation Act. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670-72 (7th Cir. 2012) (addressing the elements of a constitutional deliberate-indifference claim, an ADA claim, and a Rehabilitation Act claim); *see also Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (officers cannot act with deliberate indifference to an inmate's serious medical needs); *see also McKinnie v. Dart*, No. 14 C 9588, 2015 WL 1117297 at *4-5 (N.D. Ill. Mar. 10, 2015) (Blakey, J.) (addressing the elements of both constitutional and ADA claims for a pretrial detainee with a prosthetic leg) (collecting cases).

With respect to Plaintiff's ADA claims (as well as any Rehabilitation Act claims), Sheriff Snyders is a proper Defendant. Such claims should be brought against a public entity or against a supervisory official in his official capacity. *See Jaros*, 684 F.3d at 670 & n.2 (citing 42 U.S.C. § 12131)); *see also Norfleet v. Shah*, No. 14-cv-1408, 2015 WL 196476 at * 3-4 (S.D. Ill. Jan. 14, 2015) (individual capacity claims are unavailable under the ADA and Rehabilitation Act; the proper defendant is the public agency or its director in his official capacity). As to any individual capacity claims for alleged constitutional violations, however, the only Defendant mentioned in the body of Plaintiff's complaint is Corporal Nick. Plaintiff names additional Defendants (Dean Schroeder (a jail administrator), an unnamed nurse, and a sergeant named Larry); however, the complaint's allegations mention none of these individuals. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (a plaintiff must allege enough facts "to adequately connect specific defendants to illegal acts"). Plaintiff indicates that he may provide more specific information about his claims and he asks for the "opportunity to elaborate on his claims[] in depth." Compl. at 7. If Plaintiff seeks to sue parties not mentioned in the body of his complaint, he will have to file an amended complaint specifying their involvement.

Accordingly, for the reasons stated above, Plaintiff states claims against Sheriff Snyders and Corporal Nick. A concern exists with whether referring to a party as "Corporal Nick" is sufficient to effectuate service, and Plaintiff may need to conduct discovery on Sheriff Snyders to determine the full name of this Defendant, as well as other parties who allegedly participated in constitutional violations but whose names Plaintiff does not know.

Because it appears that Plaintiff will have to conduct discovery just to identify parties to name as Defendants and because such discovery may need to be conducted in a relatively quick manner, *see Turley*, 729 F.3d at 651 (suits in Illinois have a two-year statute of limitations), the Court grants Plaintiff's request for attorney representation. *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (noting the difficulties with an inmate conducting discovery on parties not located at the inmate's place of confinement); *see also Miller v. Campanella*, 794 F.3d 878, 880 (7th Cir. 2015) ("where an inmate alleges an objectively serious medical condition, it may be better to appoint counsel—so that he or she can investigate and flesh out any claim that may exist—than to dismiss a potentially meritorious claim"). The Court enlists David T. Erie, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654, (312) 862-2000, email: derie@kirkland.com, to represent Plaintiff in accordance with counsel's trial bar obligations under N.D. Ill. Local Rules 83.11(g) and 83.37. Within 21 days of the date of this order, counsel should enter an appearance for Plaintiff. After counsel has had an opportunity to confer with Plaintiff and conduct a preliminary investigation of his claims, counsel should inform the Court,

by the date stated in the Order section above, whether he intends to proceed with the current complaint or submit an amended complaint, if he is able to do so pursuant to Fed. R. Civ. P. 11.

To assist counsel, the Court advises him that he may seek to serve the current complaint on Sheriff Snyders and request the full name of Corporal Nick. If counsel seeks to use the U.S. Marshal's Service to serve Snyders, *see* Fed. R. Civ. P. 4(c), he may request the issuance of summons for Snyders and submit to the Court or the Marshal a completed USM 285 Service Form, which is on the Court's website.

Date: February 24, 2016